IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY DAVID WILLIAMS                                              PLAINTIFF

v.                              Civil No. 6:24-cv-06092-SOH-CDC

WALTER WHITE, *et. al.*                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case. Also before the Court is Plaintiff's Motion to Stay this case until he is released from prison. (ECF No. 21).

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 8, 2024. (ECF No. 2). It was transferred to this District on July 10, 2024. (ECF No. 5). On July 19, 2024, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application by August 9, 2024. (ECF No. 8). Plaintiff filed his second IFP application on August 1, 2024. (ECF No. 9). This application also lacked the required Certificate of Inmate Account form. (*Id*.).

On August 2, 2024, the Court entered an Order directing the Warden of the Arkansas Department of Correction Omega Center to assist Plaintiff in obtaining a completed Certificate of Inmate Account. (ECF No. 11). The Order directed that the Certificate be returned to the Court by August 19, 2024. (*Id*.). When no certificate was filed, the Court entered a Show Cause Order

1

directing the Warden to show cause for his failure to submit a completed Certificate to the Court. (ECF No. 13). As the Arkansas Attorney General's Office represents the Arkansas Department of Correction in §1983 cases before this Court, a copy of this Order was sent to Tim Griffin, Arkansas Attorney General. (*Id*.).

On September 11, 2024, a Show Cause Response was filed by the Arkansas Attorney General's Office. (ECF No. 17). This Response indicated that Warden White misunderstood the Order and had promptly provided the completed certificate of account and the IFP application to Plaintiff as opposed to filing it with the Court. (*Id*. at 3). The Court then entered an Order on September 12, 2024, directing Plaintiff to submit a completed IFP application, including the Certificate of Inmate Account, by October 3, 2024. (ECF No. 18). The Order advised Plaintiff that failure submit his IFP application by the deadline would result in the dismissal of his case. (*Id*.). This Order was not returned as undeliverable.

To date, Plaintiff has failed to submit a completed IFP application. Instead, he filed a Motion to Stay his case. (ECF No. 21). In his Motion, he states he should be out of prison soon, and would like to put his case on hold until he is released. (*Id*.). He also states he filed an IFP form from the Omega Unit but does not indicate when it was sent. (*Id*.).

Plaintiff filed a Notice of Address Change on September 23, 2024, indicating he is now housed in the Arkansas Division of Correction Grimes Unit. (ECF No. 22). He repeats his statement that he sent in an IFP form from the Omega Unit, but again does not indicate when it was sent. (*Id*.). He also repeats his request to stay his case until he is released from the ADC. He does not indicate when he anticipates that he will be released. (*Id*.). Finally, he asks the Court to

provide a copy of all the exhibits filed on his behalf.  (*Id.*).  A review of Plaintiff's ADC record indicates his current release date is March 7, 2025.[1]

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with a Court Order to provide a completed IFP application.  Instead, he asks that his case be stayed for at least 5 months without either filing an IFP application or paying the filing fee.  This he may not do.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's

---

[1] Information available at the ADC website, https://doc.arkansas.gov/correction/inmates/ (last accessed Oct. 13, 2024).

3

Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE**.  It is further recommended that his Motion to Stay be DENIED AS MOOT.

Referral Status: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **15th day of October 2024**.


_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE